# Dalmas, Appellant, *v.* Kemble.

*Practice, C. P.—Judgment non obstante veredicto—Conflict of evidence—Act of April 22, 1905, P. L. 286.*

Under the Act of April 22, 1905, P. L. 286, which gives the court authority to enter judgment non obstante veredicto where a request for binding instructions has been declined at the trial, the court cannot enter judgment against the verdict, where there was a conflict of evidence on a material fact, or any reason why there could not have been a binding direction.

Argued March 22, 1906.    Appeal, No. 379, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1901, No. 1,339, for defendant non obstante veredicto in case of Louis Dalmas v. Clay Kemble.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.    Reversed.

Assumpsit for commissions.    Before McMICHAEL, J.

At the trial the jury returned a verdict for plaintiff for $5,000. On a motion for judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286, the court entered judgment for the defendant non obstante veredicto.

*Error assigned* was the judgment of the court.

*V. Gilpin Robinson,* with him *John Creth Marsh,* for appellant.

*Bernard Gilpin,* for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 24, 1906:

The defendant being desirous of procuring a loan applied to several brokers, among whom were plaintiff and one MacDonald, to get it for him.    Both brokers negotiated with the United Security Company which finally made the loan, and the issue in the present case was who was the first and efficient procurer. The security company acted on a formal application filed by MacDonald, but plaintiff testified that the MacDonald negotiations were merely part of plaintiff's and there was other evidence to this effect, among which was the very significant fact

that the trust company which paid a commission (with the borrower's consent as the jury have found), desiring to keep out of the contest, divided it, giving $700 to plaintiff and $300 to MacDonald.   On the other hand, MacDonald testified that his negotiations were not only the successful ones, but were first in time and were independent.   There was therefore a distinct conflict of oral testimony on the pivotal point in the case, and it was properly submitted to the jury in the following terms : " You will consider all those facts and make up your mind as to who brought these two parties together, as to who first started the negotiations ; whether Mr. MacDonald started the negotiations before Mr. Dalmas took up the matter or not, as that is the important point."   The jury found for the plaintiff.

Defendant moved for a new trial but during or after the argument of the rule, with leave and apparently at the suggestion of the court, moved for judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286, which was subsequently entered by the court.

The act being so recent it is important that it should be examined closely, and its proper construction settled.   Its terms are : " Whenever upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may . . . . move the court to have all the evidence taken upon the trial duly certified and filed, so as to become part of the record and for judgment non obstante veredicto upon the whole record ; whereupon it shall be the duty of the court . . . . to enter such judgment as should have been entered upon that evidence."

This statute makes no radical innovation on the settled line of distinction between the powers of the court and the jury.   It shows no intention to infringe, even if it could constitutionally do so, the province of the jury to pass upon the credibility of witnesses and the weight of oral testimony.   The court has long had authority to direct a verdict for defendant when it was of opinion that the plaintiff, even if all his evidence be believed, has failed to make out his case.   But this had to be done offhand at the trial and a mistake of the judge either way resulted in delay and expense.   If he directed for defendant but on more deliberate examination or consideration came to the view that there was some evidence for the jury to pass upon, a

new trial was the only remedy, while on the other hand if he refused a binding direction but later found that it should have been given, the same result followed, for after a question has been submitted to a jury and the fact found by them the power of the court to enter a contrary judgment on the ground that the evidence was insufficient is gone : North American Oil Co. v. Forsyth, 48 Pa. 291 ; Butts v. Armor, 164 Pa. 73 (81).

No doubt when time was not urgent and trials were conducted leisurely, with full argument on every point as it arose, the system worked fairly well. But with the growing complexity of issues, the constantly increasing pressure upon the trial lists, the taking of testimony in shorthand, and the consequent hurry of trials, the inconveniences became burdensome. In practical reforms for facilitating business without impairing settled legal principles Pennsylvania has always been in the front. The authority to reserve questions of law for the consideration of the court in banc was first conferred by the Act of March 1, 1825, P. L. 41, upon the judges of the district court of Philadelphia; continued in the same court by the Act of March 28, 1835, P. L. 88, and extended to the courts of the commonwealth generally by the Act of April 22, 1863, P. L. 554, together with the power also first conferred on the district court of Philadelphia by the Act of March 11, 1836, P. L. 76, to enter a compulsory nonsuit if the plaintiff's evidence is not sufficient to maintain his action.

The act of 1905 is another step in the same direction. It broadens the power of the judge in this respect, that whereas heretofore the verdict was required to be for the plaintiff and the reservation to be of leave to enter judgment for the defendant non obstante, now what is reserved is a request for binding direction to the jury and may be for either plaintiff or defendant. But though thus enlarged so as to include both parties, the power of the judge is the same as it was before. He is " to enter such judgment as should have been entered upon that evidence," or in other words to treat the motion for judgment as if it was a motion for binding directions at the trial, and to enter judgment as if such direction had been given and a verdict rendered in accordance. What the judge may do is still the same in substance, but the time when he may do it is enlarged so as to allow deliberate review and consideration of the

facts and the law upon the whole evidence.   If upon such consideration it shall appear that a binding direction for either party would have been proper at the close of the trial the court may enter judgment later with the same effect.   But, on the other hand, if it should appear that there was conflict of evidence on a material fact, or any reason why there could not have been a binding direction then there can be no judgment against the verdict now.   As already said there is no intent in the act to disturb the settled line of distinction between the provinces of the court and the jury.   The act is capable of usefulness in allowing time for mature consideration, but it should not be carried beyond its legitimate intent.

In the present case the learned court below gave the act too broad an application.   As already said the issue was whether the plaintiff or MacDonald was the effective agent in procuring the loan for defendant.   There was conflicting oral testimony on this point, and it could not therefore be taken from the jury either at the trial or later.   " However indisputable may be the proof, when it depends on oral testimony it is nevertheless the province of the jury to decide : "   Reel v. Elder, 62 Pa. 308.

The defendant's motion for a new trial appears to be undisposed of, having naturally been considered as superseded by the entry of judgment for him against the verdict.   It will be proper therefore for the court below to reinstate and dispose of that rule.

Judgment reversed and procedendo awarded.