# Casey *v.* Canning, Appellant.

*Trespass—Pleading—Statement of claim—Demurrer.*

1. In an action of trespass to recover damages for injuries to real estate, the statement of claim is not demurrable, if it avers occupancy of premises by plaintiff's tenant, and also the fact that the premises had appurtenant thereto a certain construction and necessary appliances thereunto belonging of which plaintiff and the tenant long had peaceable use and quiet enjoyment, and the fact that defendant wrongfully, maliciously and injuriously deprived plaintiff's premises of the use of the construction and appliances, to the injury of her reversionary estate,

*Practice, C. P.—Judgment non obstante veredicto—Act of April 22, 1905, P. L. 286.*

2. Unless the amount of damages in an action of tort is agreed upon, or is admitted by the defendant, or is so clearly established by undisputed evidence that the court could give binding directions upon that matter, the court is not in a position on a motion for judgment for plaintiff non obstante veredicto, to determine what judgment, in its entirety, should be entered on the evidence, and hence is not in position to enter a judgment contrary to a verdict in favor of the defendant. There is nothing in the Act of April 22, 1905, P. L. 286, that contemplates the entering of an interlocutory judgment non obstante veredicto in favor of the plaintiff in an action of tort, to be followed by a writ of inquiry to assess the damages.

3. Where in an action of tort the court entered judgment for plaintiff non obstante veredicto but for no specific amount of damages, the appellate court in reversing will direct that judgment shall be entered for the defendant on the verdict without prejudice, however, to the right of the plaintiff to appeal from such judgment.

Argued Oct. 21, 1908. Appeal, No. 48, Oct. T., 1908, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1905, No. 1,862, for plaintiff non obstante veredicto in case of Louise E. Casey v. John Canning. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Trespass for injuries to land. Before Barratt, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff non obstante veredicto.

*D. Webster Dougherty,* for appellant.—The court should have entered judgment for defendant on the demurrer: Monsarratt v. Trust Co., 14 Pa. Superior Ct. 541; Fritz v. Hathaway, 135 Pa. 274.

We call the court's attention to the fact that judgment has been entered for the plaintiff without any damages having been awarded.

It may be doubted whether an action on the case where the plaintiff asks damages for illegal acts on the part of the de-

fendant and where a verdict has been rendered for the defendant comes within the purview of the Act of April 22, 1905, P. L. 286, authorizing the court to enter judgment non obstante veredicto on the whole record.

*Roland R. Foulke*, for appellee, cited as to the judgment non obstante veredicto: Dalmas v. Kemble, 215 Pa. 410; Murphey v. Greybill, 34 Pa. Superior Ct. 339.

Cited as to the demurrer: Quick v. Miller, 103 Pa. 67; Weinberger v. Shelly, 6 W. & S. 336.

OPINION BY RICE, P. J., April 12, 1909:

This was an action of trespass. The demurrer to the plaintiff's statement of claim having been overruled, the defendant pleaded not guilty and the case went to trial on the issue thus raised. The official report of the trial shows that at the conclusion of the evidence counsel for plaintiff and for defendant orally requested binding instructions in favor of their respective clients, and that the court virtually directed a verdict for the defendant, to which direction the plaintiff excepted. Later, verdict having been rendered in accordance with the court's direction, the plaintiff moved for judgment non obstante veredicto upon the whole record in accordance with the provisions of the act of 1905. The court sustained the motion and entered judgment in plaintiff's favor, but for no specific amount. The defendant excepted, appealed and assigned for error the action of the court, (1) in not entering judgment in his favor; (2) in entering judgment for plaintiff non obstante veredicto; (3) in not entering judgment in his favor on the demurrer.

The demurrer was properly overruled. The statement of claim alleges: (1) the occupancy of certain described premises with the appurtenances by one Moriarity as the plaintiff's tenant; (2) the fact that the premises had as appurtenant thereto a privy and privy well with the appliances thereunto belonging, of which the plaintiff and her predecessors in title and their tenants had long had the peaceable use and quiet enjoyment as appurtenant and necessary to the use of her lot; (3) the fact that the defendant "wrongfully, maliciously and injuriously" deprived

the plaintiff's premises of the use of the privy and privy well, and broke up, destroyed and carried away the appliances and fixtures appurtenant and necessary to the use and enjoyment of the same " and belonging to plaintiff;" (4) injury to her reversionary estate of and in the premises and appurtenances in the occupancy of Moriarity; (5) damages to the plaintiff in the sum of $500.  We deem the recital of the averments of the statement of claim in this condensed form a sufficient answer to the thirteen reasons assigned in support of the demurrer.  But, noticing briefly the alleged defects of which the defendant chiefly complains, we remark that the statement by reasonable intendment avers plaintiff's title as reversioner with sufficient certainty to enable her to maintain an action against a mere wrongdoer, as defendant is plainly alleged to be, and avers in express terms her ownership of the appliances and fixtures, which, it is alleged, the defendant wrongfully and maliciously broke up and carried away.  The extent of recovery that could be had under the statement and the measure of damages depended on the proofs adduced at the trial, but that the plaintiff could recover nothing, even though she proved every fact alleged in the statement, and nothing were shown to controvert or qualify the facts alleged, is a proposition we cannot accede to.  The third assignment is overruled.

The next question to be considered is as to the regularity of entering judgment for the plaintiff non obstante veredicto. The question of practice is well worthy of consideration, and is distinctly raised by the appellee's counsel.  If the case stood as at common law, there would be a sufficient cause of reversal in that the judgment is repugnant to the verdict. But by sec. 5 of the Act of March 28, 1835, P. L. 88, extended to judges of the common pleas by the Act of April 22, 1863, P. L. 554, power was given to reserve questions of law argued on the trial of a cause, "for the consideration and judgment of all the judges of the court sitting together," and this grant of power was held to carry with it by implication authority to enter judgment for the defendant non obstante veredicto. But, where, under these statutes, a verdict is taken subject to the opinion of the court upon questions of law reserved, it

VOL. XXXIX—7

should be rendered in favor of the plaintiff; otherwise, if the decision be for the plaintiff no judgment can be rendered in his favor: Robinson v. Myers, 67 Pa. 9; State Bank v. McCoy, 69 Pa. 204; Morris v. Ziegler, 71 Pa. 450; Glading v. Frick, 88 Pa. 460; Hosler v. Hursh, 151 Pa. 415; Ringle v. Penna. R. R. Co., 164 Pa. 529. This defect was remedied by the Act of April 22, 1905, P. L. 286, which provides, inter alia, that whenever upon the trial of any issue, a point requesting binding instructions has been reserved or declined the party presenting the point, may, within certain limitations as to time, move the court to have all the evidence taken upon the trial duly certified and filed, so as to become part of the record, and for judgment non obstante veredicto upon the whole record; whereupon it becomes the duty of the court, if it does not grant a new trial, to certify the evidence, and to "enter such judgment as should have been entered on that evidence." In Dalmas v. Kemble, 215 Pa. 410, Chief Justice MITCHELL, after commenting on the practical reforms for facilitating the business of the courts which had been wrought by the acts relative to reservation of questions of law and compulsory nonsuits, clearly stated the intent of the act of 1905 in language which is so pertinent here that we quote it at length: "The act of 1905 is another step in the same direction. It broadens the power of the judge in this respect, that whereas, heretofore the verdict was required to be for the plaintiff and the reservation to be of leave to enter judgment for the defendant non obstante, now what is reserved is a request for binding direction to the jury and may be for either plaintiff or defendant. But though thus enlarged so as to include both parties, the power of the judge is the same as it was before. He is 'to enter such judgment as should have been entered upon that evidence,' or in other words, to treat the motion for judgment as if it was a motion for binding directions at the trial, and to enter judgment as if such direction had been given and a verdict rendered in accordance. What the judge may do is still the same in substance, but the time when he may do it is enlarged so as to allow deliberate review and consideration of the facts and the law upon the whole evidence. If upon such consideration it shall appear

that a binding direction for either party would have been proper at the close of the trial the court may enter judgment later with the same effect. But, on the other hand, if it should appear that there was conflict of evidence on a material fact, or any reason why there could not have been a binding direction then there can be no judgment against the verdict now. As already said there is no intent in the act to disturb the settled line of distinction between the provinces of the court and the jury. The act is capable of usefulness in allowing time for mature consideration, but it should not be carried beyond its legitimate intent." See also Ackley v. Bradford Twp., 32 Pa. Superior Ct. 487; Murphey v. Greybill, 34 Pa. Superior Ct., 339; Hygienic Fleeced Underwear Co. v. Way, 35 Pa. Superior Ct. 229, where these principles have been applied by this court. The expression "binding instructions" may be used in reference to one or more branches of the issue being tried, but it is more commonly used, and evidently was used in this statute, to indicate instructions covering the entire issue and directing a verdict upon which a final judgment can be entered concluding the parties as to every matter in issue. To illustrate by the present case, the plea of not guilty, put in issue the plaintiff's right, the alleged trespass, and the amount of damages alleged to have been sustained. Assuming for present purposes, without deciding the point, that under all the evidence in the case it was the province of the court to direct a finding in favor of the plaintiff as to the first two elements of the issue, still as it was the province of the jury to determine the amount of damages, clearly the court could not have given binding direction in favor of the plaintiff that would have withdrawn from the jury the determination of the latter question. To state the proposition in another form, the duty of the court is "to enter such judgment as should have been entered on that evidence." Unless the amount of damages in an action of tort is agreed upon, or is admitted by the defendant, or is so clearly established by undisputed evidence that the court could give binding direction upon that matter, the court is not in position to determine what judgment, in its entirety, should be entered on the evidence, and hence is not in position to

enter a judgment contrary to a verdict in favor of the defendant. It is suggested in the able brief of appellee's counsel that the predicament that the plaintiff is in, is having a judgment without damages, that this is the necessary consequence of the act and is easily remedied when the judgment is affirmed by this court, if damages are asked for by writ of inquiry, as in other cases where a verdict is rendered without damages being assessed. We cannot agree that the statute contemplates the entering of an interlocutory judgment non obstante veredicto in favor of the plaintiff in an action of tort. The purpose of the act was to shorten litigation, not to give opportunity to prolong it, as would be the result if it were to be construed to authorize the court to enter an interlocutory judgment for the plaintiff in such a case and in such circumstances as we have under consideration. Taking this view of the question of practice, we decline to discuss the merits of the case.

The judgment is reversed and judgment is directed on the verdict without prejudice, however, to the right of the plaintiff to appeal from such judgment.