## Snedaker *v.* Munday, Appellant.

*Practice, C. P.—Motion for judgment n. o. v.—Evidence.*

1. An assignment of error to the refusal of defendant's motion for judgment non obstante veredicto will not be sustained where the material issue of fact was not so conclusively established at the trial by the testimony as to warrant the court in withdrawing the question from the jury by giving binding direction for the defendant.

*Contract—Building contract—Satisfaction of owner.*

2. In an action to recover a balance due on a contract for building stairs in a building operation, plaintiffs submitted a written offer to do the work for $544. Finding that they had made a mistake in their estimate they sent two days afterwards another written offer to do the work for $590. The defendant by letter agreed to accept the first offer to which he added the following words: "I hereby agree providing the said work is done properly and to my satisfaction, to pay the additional sum of $46.00." The plaintiffs accepted the latter offer and agreed to do the work. *Held,* that the true construction of the writings was that it was only the obligation to pay the difference between the two offers, namely, $46.00, that was conditioned on the performance to the satisfaction of the defendant.

Argued Oct. 14, 1913. Appeal, No. 62, Oct. T., 1913, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1911, No. 3,195, on verdict for plaintiffs in case of Frank C. Snedaker & Co. v. Daniel J. Munday. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover balance due on a building contract. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $155.54. Defendant appealed.

*Error assigned* was in refusing plaintiffs' motion for judgment non obstante veredicto.

*Edmund Randall,* with him *M. J. McEnery,* for appellant, cited: McNally v. Jenkinson, 35 Pa. Superior Ct. 288.

*C. Wilfred Conard,* of *Conard & Middleton,* for appellees.

OPINION BY RICE, P. J., February 20, 1914:

This was an action of assumpsit for a balance alleged to be due on a building contract, to which the defendant pleaded nonassumpsit. The case was submitted to the jury under instructions which have not been assigned for error, and resulted in a verdict in favor of the plaintiffs for the amount of the balance claimed. The single assignment of error is to the court's refusal of the defendant's motion for judgment non obstante veredicto.

It is contended that the plaintiffs agreed to perform their part of the contract to the satisfaction of the defendant, and that it was not performed to his satisfaction. The latter branch of the proposition involves a question of fact the determination of which depended on oral testimony not entirely harmonious. Even if it be conceded that the fact that the defendant was honestly dissatisfied and expressed his dissatisfaction at the proper time, would have constituted a complete defense, we are not convinced that the fact was so conclusively established by the testimony as to warrant the court in withdrawing the question from the jury by giving binding direction for the defendant. According to all of the cases involving the construction and application of the

act of April 22, 1905, P. L. 286, from Dalmas v. Kemble, 215 Pa. 410, down, this of itself was a conclusive reason for refusing the defendant's motion for judgment.

Another reason is, that the contract does not, in our opinion, bear the construction which the appellant claims. On September 10, 1910, the plaintiffs sent to the defendant a letter containing an offer to erect, "in a neat and complete manner," certain stairways of the specified style, dimensions, and materials, for $544. On September 12, having made a mistake in the original estimate, the plaintiffs sent to the defendant another written offer, precisely like the first except that the price named was $590. On September 22, the defendant wrote to the plaintiffs, making no mention of the offer of September 12, but accepting the estimate contained in the letter of September 10, "with the understanding that the work is to be done promptly as required by me and is to be equal in every respect to the stair work in houses which I built last year on ground adjoining the present operation." Beneath his signature to this letter he added the following, which he also signed: "I hereby agree, providing the said work is done promptly and to my satisfaction, to pay an additional sum of forty-six dollars ($46.00)." This was, in effect, a new offer, and on September 26 the plaintiffs wrote in reply as follows: "Your acceptance of Sept. 22 received and we thank you for the business. Same will have our careful and prompt attention," etc. The learned counsel for the appellant construes the contract formed by this correspondence to mean that the plaintiffs agreed to perform the entire work to the satisfaction of the defendant for $590, and that the defendant's promise to pay the contract price was conditioned upon such performance. But we think the true construction of the writings is that it was only the obligation to pay the difference between the two offers, namely, $46.00, that was conditioned on performance to the satisfaction of the defendant. In that view, the defense that the contract was not

performed to the satisfaction of the defendant and that his dissatisfaction was honest and not capricious, went only to the $46.00, and did not of itself bar recovery of the entire balance claimed. As the evidence warranted a finding that more than that sum was due, the court would not have been justified in giving binding direction that the plaintiffs could not recover anything.

The judgment is affirmed.