## Carrow, Appellant, v. Massachusetts Bonding & Insurance Company.

*Practice, C. P.—Judgment n. o. v.—Province of court—Alteration of verdict—New trial.*

A judgment non obstante veredicto may be entered only in a case where binding direction to the jury would have been proper at the trial. Where under the evidence the court could not have given binding instructions in favor of plaintiff for a certain amount, it cannot afterwards, on motion for judgment non obstante veredicto, enter judgment for that amount. Where there was a question to be submitted to a jury, a court cannot change the verdict by adding to such verdict its own determination of the legal questions as to whether, under the facts of the case, only a limited sum could be recovered. If there was error in the presentation of the case, the proper procedure was to award a new trial.

*Practice, Superior Court—Appeals—Reversal of judgment non obstante veredicto—Subsequent appeal by losing party.*

Where the Superior Court reverses a judgment entered non obstante veredicto opportunity for a subsequent appeal will be allowed the losing party if he desires to have reviewed exceptions taken by him at the trial.

Argued April 22, 1919. Appeal, No. 142, April T., 1919, by plaintiff, from judgment of C. P. Fayette Co., Sept. T., 1916, No. 83, in favor of plaintiff non obstante veredicto, in the case of Clara Carrow v. Massachusetts Bonding and Insurance Company, a Massachusetts corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit on policy of insurance. Before REPPERT, J.

From the record it appeared that the plaintiff was the beneficiary in a policy of insurance which contained the following clause:

"(1) Written notice must be given to the Company at Saginaw, Michigan, within ten days from the happening of any accident or beginning of any illness by reason of which claim is to be made, giving full name and address of the assured. Notice to any agent shall not constitute notice to the company. Failure to comply strictly with said notice requirement shall limit the liability of the company to one-tenth of the amount that would otherwise be payable."

The insured sustained an accident on January 15, 1916, which later resulted in his death. He never gave the company any notice of the accident in accordance with the terms of the policy and received no benefits thereunder. The beneficiary, however, within ten days of the death of the insured gave notice to the defendant, which declined to recognize its liability on the policy on the ground that the death of the insured had not resulted from the accident.

At the trial the jury rendered a verdict in favor of the plaintiff for $600.

The defendant submitted, inter alia, two points, one that in accordance with the terms of the policy, as recited, there could not be a verdict for more than $60, and one, that under all the evidence, the verdict must be for the defendant, both of which were refused. Thereafter the defendant moved for judgment non obstante veredicto on the whole record. Upon argument of this motion the court directed that judgment be entered in favor of the plaintiff for $69.07, being $60 or ten per cent of the amount of the policy, as provided for in the policy, in the event of failure to give notice, and $9.07 interest. Plaintiff appealed.

*Error assigned* was the order of the court.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant.—The beneficiary was not required to give notice until after the death of the insured: Mahoney v. Maryland Casualty Co., 167 S. W. 845; Life & Accident Insurance Company v. Elliott, 73 Southern 476; Globe Accident Co. v. Gerisch, 163 Ill. 625-54 Am. St. Rep. 486; U. S. Casualty Co. v. Hanson, 20 Colo. Appeals 393; 79 Pac. 176; Peele v. Provident Fund Society, 146 Ind. 543; 44 N. E. 661; Phillips v. Benevolent Society, 120 Mich. 146; 79 N. W. 1; McFarland v. U. S. Mutual Association, 124 Mo. 104; 27 S. W. 436; Baumaster v. Continental Casualty Co., 124 Mo. Appeals 38; 101 S. W. 152.

The defendant waived notice of the accident: McCormick v. Royal Insurance Co., 163 Pa. 184; Earley v. Mutual Fire Insurance Co., 178 Pa. 631; Shay v. Phœnix Benefit Association, 28 Pa. Superior Ct. 527; Freedman v. Fire Association, 168 Pa. 249; Towle v. Iona Fire Insurance Co., 51 N. Y. 987.

The court was without authority to enter judgment for the specific sum and the only way any error could be corrected was by granting a new trial.

*W. J. Sturgis,* and with him *S. J. Morrow,* for appellee.—The court had authority to enter judgment: Dalmas v. Kemble, 215 Pa. 410; Hunt v. Phila., etc., Ry. Co., 224 Pa. 604; American W. & V. Co. v. Fayette Lumber Co., 57 Pa. Superior Ct. 608.

The defendant was entitled to notice of the accident within ten days: Travelers' Ins. Co. v. Nax, 142 Fed. 653; Hatch v. United States Casualty Co., 83 N. E. 398; Masino V. F. & M. Mut. Ins. Assn., 235 Pa. 419; Girard F. & M. Ins. Co., 64 Pa. Superior Ct. 82; Edwards v. Insurance Co., 75 Pa. 378; Campbell v. Accident Association, 172 Pa. 561; Allegheny City v. Railway, 159 Pa. 411.

There was no waiver by the defendant: Lapcevic v. Lebanon Mut. Ins. Co., 40 Pa. Superior Ct. 294; Freedman v. Insurance Co., 175 Pa. 350.

OPINION BY KELLER, J., July 17, 1919:

As the record stood at the conclusion of the testimony it would have been error for the trial judge to have directed a verdict in favor of the plaintiff for either $600 or $60, for a question of fact was involved which required the determination of the jury, viz: Whether the insured's death was due wholly to bodily injury sustained solely through external, violent and accidental means, or was due in part to disease or bodily infirmity. The fact that the jury decided that question in favor of the plaintiff did not alter or enlarge the powers of the court under the Act of April 22, 1905, P. L. 286, authorizing the entry of judgment non obstante veredicto upon the whole record.

In the case of Dalmas v. Kemble, 215 Pa. 410, Mr. Chief Justice MITCHELL gave a luminous exposition of the effect and operation of the act: "He is 'to enter such judgment as should have been entered upon that evidence' or in other words to treat the motion for judgment as if it was a motion for binding directions at the trial and to enter judgment as if such direction had been given and a verdict rendered in accordance. What the judge may do is still the same in substance, but the time when he may do it is enlarged so as to allow deliberate review and consideration of the facts and the law upon the whole evidence. If upon such consideration it shall appear that a binding direction for either party would have been proper at the close of the trial the court may enter judgment later with the same effect. But on the other hand, if it should appear that there was conflict of evidence on a material fact, or any reason why there could not have been a binding direction, then there can be no judgment against the verdict now." Or as stated briefly in later decisions, a judgment non obstante may be entered only in cases where binding direction to the jury would have

Opinion of the Court. [72 Pa. Superior Ct.

been proper at the trial: Hardoncourt v. N. Penn Iron Co., 225 Pa. 379; Bond v. Penna. R. R. Co., 218 Pa. 34; Shannon v. McHenry, 219 Pa. 267.

As the trial judge could not have given binding direction to the jury in favor of the plaintiff for $60 and interest at the trial, the court below could not on a motion for judgment non obstante enter judgment for that amount; it could not tack the finding of the jury as to the cause of the insured's death to its own determination of the legal question as to whether under the facts in the case, the failure to give written notice to the company within ten days from the happening of the accident limited the liability of the company to one-tenth of the amount that would otherwise be payable. If it concluded that error had been committed on the trial it should have ordered a new trial.

The assignments of error are sustained. Inasmuch, however, as the defendant may desire a review of the rulings of the court on the legal questions raised at the trial to which it took exception, an opportunity will be allowed for it to secure the same by appeal: Jaras v. Wright, 263 Pa. 486; Casey v. Canning, 39 Pa. Superior Ct. 94.

The judgment of the court below is reversed and the record is remitted with directions to enter judgment on the verdict.