Rice et al., Appellants, *v.* Bauer.

Argued May 26, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Everett Kent*, with him *A. E. Hurshman*, for appellants.

*T. McKeen Chidsey*, with him, *Chidsey, Fackenthal & Teel*, for appellee.

OPINION BY MR. JUSTICE DREW, July 6, 1948:

These actions of trespass were brought by Eugene I. Rice, in his own behalf, and as father and next friend of thirteen-year-old minor plaintiff, Sherwood Rice, for damages sustained by them resulting from a collision of a bicycle, ridden by minor plaintiff and a truck owned by defendant, Sam Bauer, individually and trading as Diamond Bottling Works, and operated on his business by his employee, Robert Clauss. The jury returned verdicts for defendant. Plaintiffs filed a motion for a new trial, and also for judgments n. o. v. (using plaintiffs' language) "upon the question of negligence, exclusive of the amount of damages". The motions were refused and these appeals followed.

The accident occurred at an intersection of a new concrete road and an old blacktop road, both running

east and west from Five Points, Upper Mount Bethel Township, to East Bangor, in Northampton County. The concrete road was built to supplant the blacktop road which, at the point of intersection, joined the concrete road, not at right angles, but from a northeasterly direction.

On September 22, 1943, at about 4:30 P. M., defendant's truck was proceeding in a westerly direction on the concrete road, at the intersection indicated, when a bump or jar was felt by the driver, It caused him to suspect that something had happened, and when his helper looked back, he saw the minor plaintiff lying a short distance off the right (north) side of the concrete road. The truck was immediately stopped and the men went to the boy, who was injured and unconscious, and his wrecked bicycle was nearby. He was removed to a hospital.

At the trial plaintiffs attempted to prove that the truck had run down the boy when he was in full view and when such a happening easily was avoidable. On the other side, defendant contended and offered testimony to prove, that the boy was not seen by either occupant of the truck prior to the accident, that at no time was he in front of the truck and that he drove his bicycle into the middle of the right side of the truck when it was passing the intersection. Defendant contended the reasonable inference is that minor plaintiff was riding down the old blacktop road, hidden to view by the trees to one on the concrete road. The verdict for defendant clearly indicates that the jury found that the collision was caused solely by the negligence of the minor plaintiff or that the accident was contributed to by his conduct. The evidence presented clear questions of fact which could only be determined by a jury and they were resolved in favor of defendant. Under these circumstances it is difficult to understand how the learned court below could have granted judgment n. o. v. in favor of plaintiffs. The power to enter such

judgment arises only in conformity with the provisions of the Act of April 22, 1905, P. L. 286, [as amended], 12 PS §681. When plaintiffs ask for judgment n. o. v. "upon the question of negligence, exclusive of the question of the amount of damages" they ask for an interlocutory judgment in favor of plaintiffs in an action of tort, to be followed by another trial, or by a writ of inquiry, to assess the damages, since the amount of damages has not been agreed upon. There is no authority given by said Act for such a procedure: *Casey v. Canning*, 39 Pa. Superior Ct. 94; *Carrow v. Mass. Bonding & Ins. Co.*, 72 Pa. Superior Ct. 498; *Dalmas v. Kemble*, 215 Pa. 410, 64 A. 559. In addition, since plaintiffs' evidence was oral, even if it were uncontradicted, the credibility of the witnesses would still be a matter for the jury: *Nanty-Glo Boro. v. Amer. Surety Co.*, 309 Pa. 236, 163 A. 523; *MacDonald v. P. R. R. Co.*, 348 Pa. 558, 36 A. 2d 492. Plaintiffs' motion for judgment n. o. v. was properly refused. In disposing of this motion we have looked at the evidence in the light most favorable to defendant in whose favor the verdicts were rendered, as we are required to do.

Plaintiffs insist it was error to refuse them a new trial. They base this on the allegation that immediately before and at the time the verdict was rendered, a juror, Mr. Frutchey, was incapacitated and that Mr. Stout, one of defendant's witnesses, subsequently refuted the testimony he gave at trial. In considering these items we do so only to determine whether or not the court en banc abused its discretion in refusing to grant the new trial.

After the jury had been out for several hours, a court attendant informed the trial judge that Frutchey, a juror, complained of feeling sick. Frutchey was immediately questioned by the court and denied being ill and refused medical attention, but stated that he felt nervous. The trial judge called a physician, Dr. Fisher, who examined Frutchey and found no evidence of sick-

ness. The entire jury then came into the court room and rendered a verdict in favor of defendant in the case of Eugene I. Rice, the father, in his own behalf. Further inquiry by the court revealed that the jury had not agreed on a verdict in the other action, that in behalf of minor plaintiff, so the jury was directed to return to the jury room for further deliberation. Apparently to avoid returning to the jury room Frutchey again complained about his nerves and the trial judge had Dr. Fisher make another examination. Frutchey told him he felt "pretty good" and upon the court's further interrogation he said: "I feel better. I will try it once," thereby indicating his desire to return to the jury room. When the second verdict was rendered, several hours later, none of the jurors made any complaint regarding sickness or fatigue. There was no coercion.

Five months after the trial of the case, a deposition was taken wherein this same juror, Frutchey, sought to impeach the verdict of the jury. Under oath he testified that the verdict for defendant was not the result of his good judgment; that he was exhausted and that "the nerves just got the better of [him]; [he] wanted to get out of there" and that most of the other jurors also were sick and exhausted. Even if we would assume that Frutchey's deposition contains nothing but the truth, and only the most gullible would make such an assumption, it still has no legal value. A juror's deposition cannot be used to impeach the verdict: *Redmond v. Pittsburgh Rys. Co.*, 329 Pa. 302, 198 A. 71; *Friedman v. Ralph Brothers, Inc.*, 314 Pa. 247, 171 A. 900.

The second argument advanced by plaintiffs to obtain a new trial is likewise without merit. Two of plaintiffs' witnesses, Mr. and Mrs. Patti, gave depositions (also five months after the trial) asserting that Stout, one of defendant's witnesses, told them on the way home from the trial that the testimony he had given for defendant was false. To support his contention that, under the circumstances a new trial should be granted, plain-

tiff cites *Crouse v. Volas*, 117 Pa. Superior Ct. 532, 178 A. 414, where a new trial was ordered because the *only witness for plaintiff admitted in writing* that at the trial he had perjured himself. The instant case is very different. Here, Stout gave a counter-deposition in which he denied under oath the alleged perjury and reaffirmed his testimony given at trial. Furthermore, Stout's testimony was only corroborative of the testimony given by the driver of defendant's truck. We have frequently held that after-discovered evidence offered only to impeach the credibility of witnesses who testified at the trial, does not constitute a sufficient ground for granting a new trial: *Commonwealth v. Becker*, 326 Pa. 105, 191 A. 351; *Meholiff v. River Transit Company*, 342 Pa. 394, 20 A. 2d 762.

An examination of the record shows that the learned trial judge was very patient and painstaking, under unusual and difficult circumstances, to secure a fair trial, and that his efforts were successful.

We find no merit in the assignments of error.

Judgments affirmed.