## Bossler v. Wilson et al.

*Morris J. Winokur*, for plaintiff and additional defendant.

*Robert C. Duffy*, for defendant.

JONES, J., October 30, 1948.—This is an action in trespass wherein the plaintiff, Bertha M. Bossler, claimed from the defendant, Harry Wilson, the sum of $675.50 property damages for injuries to an automobile averred to be owned by her. The plaintiff averred that the defendant was the owner of a motor vehicle which while in his possession and control was negligently operated so as to collide with the plaintiff's automobile with resultant injuries and damages in the amount claimed, that the plaintiff's automobile at the time and place of the collision was in the possession and control of Albert H. Selover *as her, the plaintiff's, bailee.*

The defendant filed no answer to the complaint, joined the said Albert H. Selover, the averred bailee, as an additional defendant, filed a complaint against the said additional defendant to which no answer was filed. Jury trial having been waived the parties pro-

ceeded to trial before a judge functioning as a jury under authority of Section 12 of the Act of July 12, 1913, P. L. 711, as amended by the Act of June 20, 1919, P. L. 515, 17 P. S. 695. In such non-jury trial the trial judge functions as a jury and his finding is as the verdict of a jury.[1] At the trial the attorney who represented the plaintiff also represented the additional defendant. The original defendant was represented by another attorney.

When the taking of testimony was ended counsel for the plaintiff, who was also counsel for the additional defendant, made a request "that under all the evidence the Plaintiff is entitled to a verdict against Harry Wilson, the defendant, or against Harry Wilson and Albert H. Selover." Counsel for the original defendant presented three requests for finding to the effect that "the plaintiff is entitled to recover only against Selover, the additional defendant."

After trial had the court made a finding for the plaintiff against the additional defendant in the amount of the damages claimed, to wit, the sum of $675.50, and a finding for the original defendant. The attorney for the plaintiff filed a motion for a new trial and a motion for judgment non obstante veredicto upon the whole record. These motions were directed against the finding for the original defendant and were intended to nullify the finding made in his favor, leaving the finding against the additional defendant unaltered. No motion was filed by or in behalf of the additional defendant. Written briefs were filed in behalf of the plaintiff and the original defendant and oral argument upon the motions was had. The court en banc ordered a new trial as to both defendants.

Though the writer of this opinion was not the trial judge, having concurred in the order directing a new

---

[1] Jann v. Linton's Lunch, 150 Pa. Super. Ct. 653, 656 (12/11/42); Schoenfeld v. Meckes, 57 D. & C. 531, 547, 548 (7/16/46).

trial as to both defendants it was thought proper to set forth the reasons for his concurrence therein.

The first question which presents itself upon the record is the effect of the original defendant's failing to file a responsive pleading, that is to say, an answer to the plaintiff's complaint. The effect of such failure is determined by Pa. R. C. P. No. 1045(b).

Pa. R. C. P. 1045(b) reads as follows:

"(b) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

Paragraph 3 of the plaintiff's complaint reads as follows:

"3. That the Plaintiff was and is the owner of the vehicle which was being operated by the said Albert H. Selover who, at that time, was the bailee in possession of the said vehicle."

Did the original defendant by failing to file an answer to the plaintiff's complaint admit that the automobile of the plaintiff was in the possession and control of the additional defendant as the bailee of the plaintiff, admit that the relationship between the plaintiff and the additional defendant at the time and place of the collision was that of bailor and bailee?

The answer to the question depends upon whether or not the averment of paragraph 3 of the complaint is a material averment making the quoted rule applicable. Admittedly the averments in a complaint as to the possession and control of the property or instrumentality involved are material averments. So the rule reads. If so, averments as to the nature and character of the possession and control by one not its owner are material. Is it not apparent that "averments relating to the" *nature and character* of the "possession or con-

trol of the property or instrumentality involved" are, in the language of the rule, "averments relating to the . . ., possession or control" thereof? Such averments are essential, therefore material, in the complaint in an action such as the instant one, for upon them hinge the plaintiff-owner's right of action against and recovery of damages from the original defendant in the event that such defendant be found negligent and the bailee be found contributorily negligent.[2] The plaintiff claims as a bailor-owner, though making no averment as to whether or not the averred bailment was gratuitous.

The complaint against the additional defendant filed by the original defendant upon whose writ of Scire Facias the said Albert H. Selover was made the additional defendant is in no sense a substitute for nor is it to be construed as an answer by the original defendant to the plaintiff's complaint. As to the plaintiff, the bringing in of the additional defendant resulted in making the plaintiff's action one against two defendants. The joinder of the additional defendant and the effect thereof are determined by Pa. R. C. P. 2251-2275. No answer having been filed by the additional defendant, no counterclaim against the original defendant or the plaintiff was filed. No pleading was required to be filed by the plaintiff by reason of the joinder of the additional defendant. (See Pa. R. C. P. 2255(b).)

As to the additional defendant the original defendant is a plaintiff, the former a defendant. By his failure to file an answer to the complaint of the original defendant "all allegations of fact in such complaint to which an answer is required and which are not sufficiently answered shall be conclusive upon the additional defendant" under the provisions of Pa. R. C. P. 2255(c). What are such allegations?

---

[2] As to what constitutes a material averment in a pleading see Schoenfeld v. Meckes, 57 D. & C. 531, 542, 543 (7/16/46).

The complaint against the additional defendant filed by the original defendant avers the possession and control of the plaintiff's vehicle by the additional defendant and sets up an alternative defense, to wit, the sole negligence and consequent sole liability of the additional defendant or the concurrent causative negligence of both defendants. By the failure of the original defendant to file an answer to the plaintiff's complaint and by the averments of the complaint he filed against the additional defendant, the original defendant has admitted the plaintiff's ownership of the property and instrumentality involved and its possession and control at the time and place of the collision by the additional defendant.[3]

Nowhere in the record is there an averment by the original defendant denying the averment of paragraph 3 of the plaintiff's complaint that the possession and control of the plaintiff's automobile was in the additional defendant *as the bailee of the plaintiff*, an averment by the original defendant of any relationship between the plaintiff and the additional defendant to make the doctrine of respondeat superior applicable to the plaintiff whereby the negligence of the additional defendant would be imputed to the plaintiff with a consequent denial of the right of recovery by the plaintiff against the original defendant.

The original defendant by admitting the possession and control of the automobile of the plaintiff by the additional defendant has admitted the averment as to the nature and character of such control as it is averred in paragraph 3 of the complaint. The defense of contributory negligence therefore was not available to the original defendant under the pleadings defining the trial issue. I am at a loss to understand how Pa. R. C. P. 1045(*b*) can be interpreted and construed

---

[3] See McGlinchey v. Steigerwald, 73 Pa. Super. Ct. 520, 523 (2/28/20) ; Schmidt v. Martz, 161 Pa. Super. Ct. 439, 441 (footnote) (11/12/47). Pa. R. C. P. 1045(*b*).

otherwise. Indeed, if the plaintiff had averred no more than that the automobile was in the possession and control of the additional defendant at the time and place of the collision, it would have been incumbent upon the original defendant, if he wished to defend upon the ground of the contributory negligence of the additional defendant, to have denied the averment of the bailment relationship between the plaintiff and the additional defendant *implied* in such possession and control and to have made such averments as would have made the doctrine of respondeat superior applicable.[4]

It is evident that the defense of the original defendant was restricted to no negligence on his part or the joint negligence of himself and the additional defendant.

To recapitulate: The court functioning as a jury found i. e. rendered a verdict for the original defendant and for the plaintiff against the additional defendant in the sum claimed in plaintiff's complaint, to wit, $675.50; no motion was filed in behalf of the additional defendant by his attorney questioning the finding; the attorney for the plaintiff in behalf of the plaintiff filed a motion for a new trial and a motion for judgment non obstante veredicto on the whole record as to the original defendant.

Upon these record facts the finding against the additional defendant in the sum of $675.50 in favor of the plaintiff would not be disturbed and the plaintiff would be entitled to judgment in such amount against the additional defendant,[5] if it were not for the record fact (1) that the attorney who appeared at the trial

---

[4] See Morgan County v. Payne, 30 A. L. R. 1243 (6/29/22) cited in 6 Am. Jur. Sec. 359, p. 440, Bailment.

[5] Trerotola v. Phila. et al., 346 Pa. 222, 225 (1/4/43); Felo et al. v. Kroger Groc. & Bak. Co. et al., 347 Pa. 142, 145 (4/19/43); Rice et al. v. Bauer, 59 A.2d 885, 886; 359 Pa. 544, 547 (7/6/48). Cf. Jones v. Williams, 358 Pa. 559, 562 (3/25/48).

and presented the claim of the plaintiff against both defendants appeared therein as counsel for the additional defendant in his defense to the plaintiff's claim, a situation which invalidates the trial had as to *both* defendants, and the record fact (2) that there was no finding by the trial judge functioning as a jury as to the nature and character of the bailment relationship between the plaintiff and the additional defendant and the degree of the latter's negligence, thereby invalidating the finding against the additional defendant for the reason that "as a general proposition" there can be no recovery by a bailor against a gratuitous bailee for injuries to the bailed property while in such bailee's possession unless the negligence of the bailee be gross.[6]

Now as to the first stated fact necessitating a new trial as to *both* defendants, namely, the same attorney appearing for both the plaintiff and the additional defendant. It must be borne in mind that the original defendant was a plaintiff as to the additional defendant. No finding rendered under such circumstances can be allowed to stand and to mature into a judgment against the additional defendant, a verdict rendered in a trial wherein the attorney represented the plaintiff in the presentation of her case and the additional defendant in the presentation of his defense to the claims of both plaintiff and original defendant. The interests of these parties were adverse. No attorney can serve two opposing litigants any more so than one man can serve two masters. Upon this point the law of the Commonwealth is in harmony with Holy Writ.[7]

That the second stated fact necessitates a new trial as to *both* defendants will be made evident in the fol-

---

[6] See Tigoni v. B. & O. R. R. Co., 116 Pa. Super. Ct. 117, 126 (2/1/35). Cf. First National Bank of Allentown v. Rex, 89 Pa. 308 (3/17/1879) cited in Weissburg v. People's State Bank of N. K., 284 Pa. 260, 262 (11/23/25). Cf. also Scott v. National Bank of Chester Valley, 72 Pa. 471, 477, 478 (2/16/1874).

[7] Matthew, Chap. 6, v. 24; Luke, Chap. 16, v. 13.

lowing analysis of the motions filed in behalf of the plaintiff by her attorney.

I. The motion for a new trial.

The trial judge made no charge to the jury; he was not required to instruct himself who was the jury.[8] No findings of fact or conclusions of law were made as required by the mandatory provisions of Pa. R. C. P. 2257.[*] There is nothing in the record whereby it can be determined whether the "jury" found for the original defendant upon the ground that he was not negligent or that both defendants were found negligent and that the negligence of the additional defendant having contributed causatively to the collision was imputable to the plaintiff, thus debarring the plaintiff from recovery from the original defendant. Manifestly no verdict in favor of the original defendant upon such record can be permitted to stand. The evidence was oral testimony, credibility of which was solely for the jury. The weight of evidence, however, while primarily for the jury is not solely so. Its weight is secondarily for the court[9] and if deemed insufficient or the finding be capricious or a sense of justice demands it, a new trial should be granted.

There being sufficient evidence upon the question of negligence to be presented to the jury, the plaintiff is entitled to a new trial against the original defendant for the admitted bailment, whether gratituous or not, debarred the imputation of the found causative negli-

---

[8] Fitzpatrick v. Bates, 92 Pa. Super. Ct. 114, 116 (12/15/27).

[*] Pa. R. C. P. 2257:—"Upon the court's own motion or the request of any party, the jury, or the court, if the action is tried without a jury, shall return, in addition to a general verdict or finding, such specific findings as will determine the issues among all parties. Questions submitted to the jury for special findings shall be prepared or approved by the court and shall be in writing."

[9] Koch v. Imhof et al., 315 Pa. 145, 147 (5/21/34) cited in Aaron v. Strausser, 59 A. 2d 910, 913; 360 Pa. 82, 88 (7/7/48). Cf. Jones v. Williams, 358 Pa. 559, 564 (3/25/48).

gence of the bailee-additional defendant to the plaintiff and, as has been pointed out, so far as the record discloses, this jury may have imputed such negligence to the plaintiff and upon this ground denied recovery to the plaintiff from the original defendant. Hence the necessity for a new trial as to the original defendant.

II. The motion for judgment non obstante veredicto. What has been said hereinbefore bars the granting of this motion. Upon this record the questions as to whether or not the original defendant was negligent as a matter of law and whether or not a finding to this effect should have been made equivalent to binding instructions to the jury in a jury trial are immaterial. Were it otherwise the motion could not prevail for the question of damages was in issue. The evidence thereon was questioned by the original defendant at the trial. Neither damages nor the amount thereof was agreed to by him. The finding of the amount of the damages in the finding against the additional defendant is not binding upon the original defendant. As to the latter there is no such finding. The failure of the original defendant to file an answer to the plaintiff's complaint did not admit the amount of damages averred in the complaint.[10] The fact of damages and the amount thereof is a matter of evidential proof, the determination of which is solely the province of the jury under proper instructions by the court in a jury trial and by the trial judge functioning as a jury in a non-jury trial. The plaintiff's motion for judgment non obstante veredicto upon the whole record cannot be sustained for the original defendant, though he were held to have been negli-

---

[10] The averment in a complaint of the amount of damages claimed is not an averment of material fact other than the "extent of the compensation claimed" beyond which recovery may not be had upon such complaint unamended and an identification of the court having jurisdiction of the cause. It is not a traversable averment. It is not admitted to be true by a defendant's failure to deny or his insufficient denial thereof. Schoenfeld v. Meckes, 57 D. & C. 531, 538-547 (7/16/46).

gent, has not agreed to the amount of damages, liability for which he was exonerated by the finding for him. A judgment non obstante veredicto cannot be entered "upon the question of negligence, exclusive of the amount of damages".[11]

There has been no discussion of the evidence presented at the trial. The motions having been disposed of upon the basis of facts appearing of record, such discussion was not required nor was it thought proper in view of the order directing a new trial as to both defendants. The order, in the opinion of the writer, is valid.

---

[11] Rice et al. v. Bauer, 59 A.2d 885, 886; 359 Pa. 544, 547 (7/6/48).