Per Curiam,
 

 This is a trespass action in which the jury rendered verdicts for plaintiffs. The court below refused defendant’s motion for judgment n. o. v., and judgments were entered on the verdicts. Defendant has appealed.
 

 On September 18,1942, about one o’clock in the afternoon, Concetta Rocca, while walking along an asphalt-paved pathway in East Park of the City of Pittsburgh, stepped on a manhole cover, which tilted under her weight thereby causing her right leg to drop into the manhole to a. depth of about six or eight inches above the knee, and bringing about the injuries of which she has complained. Concetta Rocca and Michael Rocca, her husband, then brought this action in trespass against' the-City of Pittsburgh, and obtained verdicts in their favor in the sum of $2,000 and $1,000, respectively.
 

 At the trial appellees relied upon the testimony of a single witness, one John Canigiani, to prove that the City of Pittsburgh had constructive notice of the defective condition of the manhole cover. The trial'judge, over objection by appellant’s counsel, permitted him to qualify as an expert witness, and to give the opinion which he had formed after an examination of the manhole cover, made subsequently to the accident. He described the cover as resting directly on the asphalt paving which surrounded the hole. He found that, on one
 
 *205
 
 side, this paving had become cracked, crumbled, and worn
 
 by
 
 the weather, with the result that the cover tilted beneath his weight when he cautiously and experimentally stepped upon it. The witness stated that, in his opinion, such a condition would require a year or more to develop.
 

 Appellant bases its contention, that the court below erred in refusing to enter judgment n. o. v., upon two propositions: (1) That Canigiani’s testimony should have been excluded because he did not properly qualify as an expert witness; and (2) that, without his testimony tending to establish constructive notice of the defective manhole cover, appellees’ case falls.
 

 Appellant’s argument might be applicable if a motion for new trial were before us, but questions concerning the admissibility of evidence are entirely irrelevant in support of a motion for judgment n. o. v. This principle has been set forth, by the Supreme Court in
 
 Kotlikoff v. Master,
 
 345 Pa. 258, at page 265, 27 A. 2d 35, at page 38: “The rule applicable in such cases is well stated in Huffman v. Simmons, 131 Pa. Superior Ct. 370, at page 374 [200 A. 274, at page 275] :
 
 K
 
 . . in entering judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286, the judgment must be entered upon the evidence in the record in the court below as it existed at the close of the trial: Dalmas v. Kemble, 215 Pa. 410 [64 A. 559]. If upon consideration of the whole evidence “it shall appear that a binding direction for either party would have been proper
 
 at the close of the trial,
 
 the court may enter judgment later with the same effect”: Ibid, p. 413. But “the court can neither eliminate evidence which may have been improperly admitted, nor insert offers of evidence which should have been admitted but were excluded; the remedy in either case is a new trial”: Mincy v. Washington Nat’l Ins. Co., 130 Pa. Superior Ct. 285 [196 A. 893, 897].’ See
 
 *206
 
 also Dixon v. Metro. Life Ins. Co., 136 Pa. Superior Ct. 573, 578 [7 A. 2d 549]; Heffron v. Prudential Ins. Co., 137 Pa. Superior Ct. 69, 72 [8 A. 2d 491]. ... If it was thought that the admission of this evidence was error, appellant’s remedy was a motion for new trial, not for judgments in its favor on the record with the evidence excluded. Appellant, however, made no such application, but, on the contrary, quite apparently elected to stand on its motions for judgment and to take its chances thereon on appeal.”
 

 Judgments are affirmed.