# Rote v. Pennsylvania & Mahoning Valley Railway Company.

*Negligence—Street railways—Collision between car and wagon—Signals —Fog.*

In an action against a street railway company to recover damages for personal injuries, it appeared that the plaintiff was driving a wagon on a dark and foggy night on one of defendants double tracks on which he would face an approaching car.   The condition of the other track and the part of the cartway not occupied by the tracks was such as to make

it dangerous to drive thereon. At the moment the plaintiff went upon the track in question he checked the speed of his horse and looked and listened for an approaching car, but could see or hear nothing. Immediately afterwards a car appeared ahead of him with a signal light shining, but no gong sounding. Plaintiff attempted to leave the track, but his wagon was caught and he was injured. He testified that the car was going between twelve and twenty miles an hour. There was evidence that the gong was last rung when the plaintiff was 500 feet away. Plaintiff stated that he had been a brakeman on a steam railroad, and that his estimate as to the speed of the car was based upon his experience in such employment. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued May 16, 1907. Appeal, No. 219, April T., 1907, by defendant from judgment of C. P. Lawrence Co., Dec. T., 1904, No. 59, on verdict for plaintiff in case of A. M. Rote v. Pennsylvania & Mahoning Valley Railway Co. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The particulars of the accident are stated in the opinion of the Superior Court.

*Error assigned*, among others, was in refusing binding instructions for defendant.

*C. H. Akens*, with him *H. A. Wilkison, John P. Lockhart* and *James A. Chambers*, for appellant.—There was no case for the jury: Wagner v. Lehigh Traction Co., 212 Pa. 132; Moss v. Philadelphia Traction Co., 180 Pa. 389; Thane v. Traction Co., 191 Pa. 249; McKee v. Traction Co., 211 Pa. 47; Davis v. Electric Ry. Co., 25 Pa. Superior Ct. 444; Gress v. Ry. Co., 14 Pa. Superior Ct. 87; Thatcher v. Traction Co., 166 Pa. 66; Callahan v. Traction Co., 184 Pa. 425; Kline v. Traction Co., 181 Pa. 276; Kelly v. Union Traction Co., 211 Pa. 456; Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Schaeffer v. Jackson Twp., 150 Pa. 145; Berks v. Traction Co., 22 Montg. 169.

*H. K. Gregory*, with him *S. P. Emery* and *T. W. Dickey*, for appellees.—Under the circumstances, a dark night, dense fog,

no notice of the car's approach being given, the rate of speed, the question of negligence, could not have been taken from the jury: Gaughan v. Traction Co., 189 Pa. 408; Fisher v. Ry. Co., 131 Pa. 292; Smith v. B. & O. R. R. Co., 158 Pa. 82; Davidson v. Ry. Co., 171 Pa. 522; Minnich v. Wright, 214 Pa. 201; Gray v. Penna. R. R. Co., 172 Pa. 383.

The plaintiff had a right to use the part of the road occupied by the track of the defendant company: Davis v. Electric Ry. Co., 25 Pa. Superior Ct. 444; Kestner v. P. & B. Traction Co., 158 Pa. 422.

OPINION BY HEAD, J., October 7, 1907:

To sustain this appeal we must be able to determine from the record before us that the learned court below should have declared, as a matter of law, that the plaintiff had failed to make out a case, and directed a verdict for the defendant. By the single point for charge presented by the latter the court was asked to so declare. This would have been tantamount to saying that the evidence presented by the plaintiff, even if fully accepted by the jury, disclosed no act of negligence on the part of the defendant causing the injury complained of, or that it exhibited such a breach of a defined legal duty on the part of the plaintiff, that any right to recover he might otherwise have had, was forfeited and lost by reason of his negligence.

Would the court have been warranted in so saying? Accepting the testimony as true the following facts were proven: The plaintiff was employed in a tin mill in the city of Newcastle. He lived several miles from the mill and was accustomed to drive to and from his work in a buggy. At the time of the injury complained of he was working on a night shift and about three o'clock in the morning was driving along Mahoning avenue towards the mill. Upon that street, running east and west, the defendant operated a line of street cars with double tracks. The street had not been permanently improved, and that portion of the city occupying low ground, by reason of then recent heavy rains, ditches dug to carry off standing water, etc., the cartway had gotten into bad, if not dangerous, condition. The plaintiff was, therefore, driving upon the north or westbound track. Just before the accident occurred he ob-

served that the ballast had been washed out from the track on which he was traveling, leaving the ties bare, so that if he were required suddenly to turn out, by a car approaching from behind, he would be in danger of overturning his buggy. He, therefore, crossed to the south or eastbound track on which he would face an approaching car. The night was dark and a heavy fog was hanging over that portion of the city so that it was impossible to see for any distance. At the moment he crossed to the south track he checked the speed of his horse and looked and listened for an approaching car, but could see or hear nothing. Almost as soon as he "got straightened up rightly" on that track a car showed its light "thirty or forty feet, something like that" away, traveling, in the words of plaintiff, "probably between twelve and twenty miles an hour, the way it appeared to jump on to me." He was not warned by any gong and although he attempted to leave the track as soon as he saw the light, the car reached him before he could do so. The collision was of such violence that the horse died or had to be killed as the result, the buggy was "all smashed up" and the plaintiff received considerable injury.

With such a state of facts presented by the testimony of the plaintiff, upon what basis could the learned court below have safely rested the binding instructions prayed for? Although the plaintiff with his buggy and the defendant with its car were both using the same portion of the highway at the same time, each was in the exercise of a lawful right. Conceding that the right of the defendant to the use of the track was paramount, it was none the less bound to enjoy that right in such manner as to afford other traffic, when warned of the approach of a car, a reasonable opportunity to clear the track. Because the night was dark and foggy the law did not require the plaintiff to remain at home nor oblige the defendant to stop running its cars. It did impose on both the duty of proceeding with more than ordinary care. The plaintiff must have been alert and actively using his senses of sight and hearing to discover the approach of the car. There was nothing in his testimony to warrant the court in declaring that he had failed in the discharge of that duty. If there was any evidence at all in the case tending to show any culpable disregard of his legal obligation to act prudently and carefully, it was in contradiction

of his own testimony and it, therefore, raised a question of fact for the jury rather than one of law for the court.

On the other hand, the defendant, exercising reasonable care under existing conditions, would certainly be required to operate its cars at less speed and under quicker control than if the night had been clear and the range of vision wide. If, as the defendant's witnesses admit, the warning from the headlight on the car, owing to the fog, was less effective than usual, would not the exercise of reasonable care have required a more frequent and insistent warning from the gong? The plaintiff says no such warning was given within hearing of the place at which he was injured. The motorman himself admits that he rang the gong last, before he saw the buggy, for the street crossing west of McKinley street, at which time the plaintiff, according to the blue print furnished by the appellant, must have been about 500 feet away. Was this the exercise or the absence of due care, in this respect, under the circumstances? The speed of the car just before the accident must be determined from conflicting evidence. The plaintiff says the moment he saw the light he attempted to turn out, but the speed was so great the car was on him before he could clear the track. He estimates that speed at from twelve to twenty miles per hour. This of course was but an estimate and made under difficult conditions, but he also testifies he had been a brakeman on a steam railroad for four years and would, therefore, have such capacity to judge of the speed of a moving car as that experience would afford. The motorman, while not attempting to fix the rate of speed, says the car was moving slowly; but admits that although he applied the electric brake as soon as the buggy came within the range of his headlight, he was unable to stop in time to prevent a collision.

The law does not attempt to fix with precision the speed at which a car may travel or when or how often its gong should be rung under all conditions of weather, traffic, etc. It can only say, as it has so often said, that the standard of legal duty in all conditions is due or reasonable care under the circumstances. The whole question, therefore, of the defendant's care or negligence, in the present case, was a mixed one of law and fact, to be solved only by the verdict of a jury under proper instructions from the trial judge. As we discover no error in

those instructions we must conclude the court was right in refusing the defendant's point for binding instructions and later in denying its motion for judgment notwithstanding the verdict.

Judgment affirmed.