## Friedland *v.* Altoona & Logan Valley Electric Ry. Co., Appellant.

*Judgment—Opening judgment—Judgment on verdict—Verdict procured by perjury—Refusal to open—Discretion of court.*

A court through its equitable powers has a right to open a judgment on a verdict where it appears that the verdict was procured through perjured testimony; but the appellate court will not review the discretion of the trial judge in refusing to open a judgment on a verdict because one of the witnesses at the trial subsequently acknowledged that she committed perjury, if it does not clearly appear that the plaintiff knew of the intended perjury of the witness, or was in any way responsible for it, and it also appears that other witnesses testified to substantially the same facts as were narrated by the witness in question.

Argued Oct. 26, 1916. Appeal, No. 270, Oct. T., 1916, by defendant, from order of C. P. Blair Co., Jan. T., 1914, No. 10, discharging rule to open judgment in case of Barney Friedland v. Altoona & Logan Valley Electric Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Thomas H. Greevy,* for appellant.—Fraud vitiates everything into which it enters applies to verdicts and judgments, and the equitable powers of the courts on that subject may be administered summarily upon rule: Fisher v. Hestonville & Mantua, Etc., Pass. Ry. Co., 185 Pa. 602; Zeigler's Petition, 207 Pa. 131; Gump v. Goodwin, 172 Pa. 276; Jones v. Weir, 213 Pa. 135.; Cochran

v. Eldridge, 49 Pa. 365; Kaumagraph Co. v. Thissen S. Co., 42 Pa. Superior Ct. 110; Macoluso's Naturalization, 237 Pa. 132; Keeler's Adoption, 52 Pa. Superior Ct. 516.

*J. F. Sullivan*, with him *I. Scheeline*, for appellee.

OPINION BY ORLADY, P. J., March 7, 1917:

The court below discharged a rule to show cause why a judgment entered on a verdict in favor of the plaintiff, against the defendant should not be vacated, and the verdict set aside, for the reasons that it was secured through covinous suppression and concealment of material facts, as well as deliberate and corrupt perjury of plaintiff and two of his witnesses, by which the court and jury were deceived as to the real facts of the case.

From Kalbach v. Fisher, 1 Rawle 322, through a long line of decisions of our appellate courts, the usual remedy for wrongful verdicts by new trial has been recognized as the only method of protecting the courts and suitors from fraudulent practices in securing verdicts.

After the verdict in this case was secured, this defendant appellant made a motion for judgment n. o. v. and for a new trial, which were overruled. On an appeal taken to this court (Friedland v. Altoona, Etc., Ry. Co., 59 Pa. Superior Ct. 539,) the judgment was affirmed.

Subsequent to the trial in the court below, the defendant having been for the first time informed, that two witnesses called by the plaintiff had testified falsely, instituted criminal prosecutions for perjury against them, and the plaintiff. One of these, Mrs. McGruder, pleaded guilty, the other, Mrs. Wolfe, and the plaintiff went to trial and were acquitted of the crime of perjury. After these cases had been disposed of the court below made the order from which this appeal is taken.

There can be no question that the rule that fraud vitiates everything into which it enters, applies to verdicts and judgments, and the equitable powers of the courts on that subject may be administered summarily

upon rule.   In the exercise of its equitable powers, the
court will reach far to prevent the triumph of fraud.
And when it is alleged, on adequate proofs, that a judg-
ment in whole or in part has been obtained by a sup-
pression of the truth which it was the duty of the parties
to disclose, or by the suggestion of a falsehood, or by
any of the infinite and therefore indefinable means by
which fraud may be practiced, no court will allow itself,
its records, and the process of law to be used as instru-
ments of fraud: Cochran v. Eldridge, 49 Pa. 365; Zeig-
ler's Petition, 207 Pa. 131; Keeler's Adoption, 52 Pa. Su-
perior Ct. 516.

The authority to vacate, open or set aside a judgment
or decree is incident to all courts of record, of general
jurisdiction and extends to granting relief by opening
or vacating such judgments or decrees as are utterly
void and mere nullities: 23 Cyc. 893.   Such relief is
granted by virtue of the equitable powers of the court,
which may be successfully invoked in all cases when the
action of the court has been procured by fraud, deception
or collusion.   That wholesome provision of the common
law, that fraud vitiates whatever it touches, makes no ex-
ceptions of judgments at law: Macoluso's Naturaliza-
tion, 237 Pa. 132.

The testimony in this case discloses that deliberate and
corrupt perjury had been committed on the original trial.
One of the parties, Mrs. McGruder, unqualifiedly ad-
mits that she did, and that it was induced through the
suggestion and solicitation of one Poet, who had been
requested by plaintiff's counsel "to subpœna witnesses
for court, get a statement from them as to how the acci-
dent occurred and communicate that statement to coun-
sel."   The verdicts in favor of Mrs. Wolfe and the plain-
tiff in the perjury charges must be taken to be a legal
answer to their culpability.   The depositions taken in
support of the rule for a new trial shows that eleven dis-
interested witnesses testified, that neither of these named
women were on the street car at the time the accident

happened, and we are not required to explain the apparent inconsistency of the verdicts of not guilty in the perjury charges. To justify a court in opening a judgment, or setting aside a verdict that is manifestly procured by fraud, does not require the same degree of proof as to warrant a conviction for wilful perjury. In one case, the conscience of the chancellor is appealed to, in the exercise of a judicial discretion to prevent a fraud being successful under the forms of legal procedure, in the other the proof is to be beyond a reasonable doubt to establish guilt. We are not favored with an opinion by the court below, giving his reason for the refusal of a new trial, and regret that we did not have the analysis of the trial judge of the complicated facts leading to the decree he made.

It does not clearly appear that the plaintiff Freedland, knew of the intended perjury of these witnesses, or was in any way responsible for it. Other witnesses testified to substantially the same facts as were narrated by these witnesses, and it is not possible for us to say what effect if any, their testimony may have had in inducing the verdict. The trial judge, having the advantage of seeing and hearing them could more properly gauge the weight to be credited to their testimony, and with his familiarity with the facts, we cannot say that there is such a clear and manifest abuse of legal discretion in refusing to grant a new trial as would warrant our reversing the order he made. A valid claim should not be prejudiced by the volunteer perjury of a witness, unless it is directly traceable to influences emanating from the suitor or his counsel. The malign agencies which induce a corrupt verdict should, when accurately ascertained, be made futile by destroying their intended effect. Our courts have held, as stated in Wickel v. Mertz, 49 Superior Ct. 472, "That when it is shown that what is a judgment in form was in fact secured by the fraudulent and immoral, if not illegal acts of one of the parties to the suit, our whole system of jurisprudence would be

a failure if the courts were not armed with the extraordinary power to deal with such unusual conditions. And in Shanahan v. Agricultural Insurance Co., 6 Pa. Superior Ct. 65, we said, "It does not necessarily follow that the perjury of a witness can be made a ground for equitable interference even though not discovered until after the trial, and whether or not this should be done is largely a matter of discretion with the trial judge."

In the absence of an opinion of the trial judge we assume that he was not satisfied that the perjured testimony of Mrs. McGruder materially affected the verdict for the plaintiff, and that there was not sufficient proof of corrupt practice on the part of the plaintiff which induced the testimony of either of these women, to warrant a retrial of the case. In the absence of a clear and manifest abuse of his legal discretion, the judgment is affirmed.