# Baughn v. Benson and Fine, Appellants (No. 1).

*Trespass—Damages—Unlawful arrest and false imprisonment—Case for jury.*

In an action in trespass to recover damages for unlawful arrest and false imprisonment, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the plaintiff was arrested at the instance of the defendants without a warrant, that no charge under oath was preferred against him, and that he remained in jail for two nights and one day before he was released through the efforts of his own counsel. Under such circumstances, the case was for the jury and the burden was upon the defendants to show that the arrest was by authority of law.

Where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of want of probable cause and of malice, and shifts the burden of proof upon the defendant.

*New trials—Refusal of new trial—Discretion of trial judge—Review by Superior Court.*

The Superior Court will not, on the merits of the case, review the discretion of the lower court, in refusing a new trial on account of the alleged perjury of the plaintiff, where it appears that

the counter affidavits filed by the plaintiff traversed every material averment set out in the defendants' petition, with explanation where the traverse was not specific, which would, in the opinion of the court, make a conviction of perjury improbable and unsafe, and it also appears that the trial was a fair one, in which the defendants were fully advised by the pleadings of the nature and character of the evidence, which the plaintiff would produce to

establish his case.

Argued December 17, 1920.    Appeal, No. 281, Oct. T., 1920, by defendants, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1918, No. 3833, on verdict for plaintiff in the case of Charles W. Baughn v. Nathan Benson and Harry Fine.    Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Trespass to recover damages for unlawful arrest and false imprisonment.    Before MONAGHAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $2,050.    Subsequently by the direction of the court, the plaintiff filed a remittitur for all over $1,500 and judgment was entered thereon.    Defendants appealed.

*Errors assigned* were the charge of the court, answers to points, and refusal to grant a new trial.

*Bertram D. Rearick,* for appellant.

*Samuel Scoville, Jr.,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

This is an action of trespass for unlawful arrest and false imprisonment.    The plaintiff recovered a verdict and judgment in the court below and the defendants appeal.    The defendants were partners in the automobile business and the plaintiff had for some months been in their employ prior to November 13, 1918, when he quit work or was discharged.    He was at that time indebted

to the firm, or one of the members thereof, in the sum of $200, and he had in his possession a Pierce-Arrow car, which he claimed to own but which defendants asserted was their property. Benson and Fine, the defendants, in the evening of the day when the employment of the plaintiff had ceased, took with them a police officer to the lodging of the plaintiff, Benson remaining in front of the house and Fine and the policeman going to the room of plaintiff informed him that he was under arrest for the larceny of one Pierce-Arrow automobile. The plaintiff asked to see the warrant, but none was shown him and the evidence at the trial disclosed that no warrant was ever issued and that no charge under oath had been preferred against the prisoner. Fine and the police officer took the plaintiff downstairs where they were joined by the other defendant, Benson, and the four men got into an automobile, driven by an employee of these defendants, and were taken to the police station, into which they took this plaintiff, the sergeant took his name, and he was "slated" as charged with the larceny of one Pierce-Arrow automobile and he was, in the presence of both these defendants, locked up in a cell. After he had been in the cell an hour or two one or both of the defendants visited him in the cell; the testimony is conflicting as to what there occurred but all the parties agree that this plaintiff gave to one of the defendants his check, payable to the order of cash, for $200, which check the defendants took to the bank the same night and had cashed, the bank being one which kept open at night, the defendants agreeing at the time plaintiff gave the check to get him out of prison. The defendants the next morning requested the police magistrate to discharge the plaintiff, but the magistrate refused to do so and held him for a further hearing and plaintiff was committed to Moyamensing prison. The plaintiff remained in the prison, from which the defendants made no effort to have him discharged, until the morning of November 15th, when through the efforts of

an attorney whom he employed, he was released upon bail, and at the final hearing on November 21st, he was, by the magistrate, discharged from custody.

The plaintiff having been arrested without a warrant and no charge under oath having been preferred against him, the act in itself, in the circumstances involved in this case, was wrongful, and the burden was upon the defendants to show that it was by authority of law: McCarthy v. De Armit, 99 Pa. 63; McAleer v. Good, 216 Pa. 473. The plaintiff testified as to the circumstances of the arrest and detention and testified further that, when he was visited in his cell by the defendants, they told him they would release him at once, as Benson knew the magistrate, if he would pay $200 to Fine, which amount he admitted that he owed. The defendants admitted that he had given the check for $200, which they had procured to be cashed, but testified that the $200 was not paid upon account of the undisputed debt to Fine; that on the contrary the plaintiff admitted that he had sold the Pierce-Arrow car for $200 and offered to pay to them the amount which he had so received and that having thus received the amount for which he had sold the car they had agreed to withdraw the charge and procure his release from custody. If the testimony of the plaintiff was believed it was sufficient to warrant a finding that the defendants had caused his arrest for the purpose of compelling him to pay a debt lawfully contracted and not for the purpose of punishing him for a crime alleged to have been committed. "Nothing is better settled by our cases than that where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of want of probable cause and of malice, and shifts the burden of proof upon the defendant": MacDonald v. Schroeder, 214 Pa. 415. The case was for the jury, and the court did not err in refusing binding instructions in favor of the defendants nor in overruling their motion for judgment non obstante veredicto.

The ownership of the Pierce-Arrow car was a vital question at issue. Benson testified that he had bought the car from Shilfer, paying him $200 in cash and giving him credit for $60 which Shilfer owed for tires for the car. He testified that the only way they could identify a car is by the number of the car, that they had a book that gives the number of every car; he testified that their books would show that, on September 30, 1918, they paid Shilfer $200 in cash and gave him credit for $60 upon an account which he owed, in payment for the car in question. He testified distinctly that the books were then at the corner of Broad and Vine streets; the testimony with regard to the books was volunteered by the defendant Benson, in reply to a question by the court. If the books had been produced and disclosed that in regular order an entry had been made of the transaction on September 30, 1918, it would certainly have greatly strengthened the defendants' case, but the testimony of Benson that the books would show it amounted to very little without the production of the books. The court did not err in these circumstances, in calling the attention of the jury to the fact that the books had not been produced. The court charged the jury that if the defendants were the owners of the car, or if they honestly believed they were the owners of the car, even though they were mistaken, and if they caused the arrest, under an honest although mistaken belief that they were the owners of the car, then of course the arrest would be justifiable. This instruction was certainly as favorable to the defendants as established principles require.

We are not convinced that the court below was guilty of an abuse of discretion in refusing a new trial. The defendants in support of their motion argued that certain depositions which had been taken after the trial established that the plaintiff had been guilty of perjury in testifying at the trial. Nearly all of the testimony contained in the depositions on behalf of the defendants

related to matters which were not material to the real issue in the case, most of it related to matters of detail which were fully thrashed out at the trial and was merely cumulative.   The counter affidavits filed by the plaintiff traversed every material averment set out in defendants' petition, with explanations, where the traverse was not specific, which would, in the opinion of the court, make a conviction of perjury improbable and unsafe.   The trial was a fair one in which the defendants were fully advised by the pleadings of the nature and character of the evidence which the plaintiff would produce to establish his case.   The question being thus presented, the court acted within its discretion and, as no abuse of that discretion clearly appears, we cannot pass upon the merits of the case: McEvoy v. Quaker City Cab Co., 267 Pa. 527.

The judgment is affirmed.