## Lipkin v. American Ice Company, Appellant.

*Negligence—Horse-drawn    vehicles—Collision—Evidence—Refusal to grant new trial.*

In trespass to recover damages resulting from the collision between two horse-drawn vehicles, it was error not to grant a new trial, where the only witness for the plaintiff who testified to the essentials of the. occurrence admitted that he testified falsely concerning material facts and it being impossible to separate the false from the true in his testimony.

In such case it was an abuse of discretion to refuse defendant's motion for a new trial, and judgment in favor of the plaintiff will be reversed.

Argued October 13, 1926.   Appeal No. 164, October T., 1926, by defendant from Judgment of M. C. Philadelphia County, December T., 1924, No. 502, in the case of John J. Lipkin, trading as Gold Medal Baking Co. v. American Ice Company.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Trespass to recover for damages to property.  Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment in favor of plaintiff in the amount of $145.   Defendant appealed.

*Error assigned,* among others, was the judgment of the Court.

*Frank R. Savidge,* for appellant.

*Albert T. Hanby,* for appellee.

OPINION BY LINN, J., March 3, 1927:

This was a suit for damages to a wagon alleged to have been caused by a collision with defendant's wagon

negligently driven on South Street, Philadelphia. Plaintiff called only one witness to the occurrence, Sirinsky, a young man of twenty-two. He testified that he was driving plaintiff's wagon and added details such as "I saw this ice wagon coming down pretty fast and I slackened my horse up and I seen he [defendant's driver] was on top of me and I tried to turn away......" "All I could do was to get the horse out," to avoid worse consequences.

Defendant called a policeman who saw the accident and described it. He testified that Sirinsky was not on the wagon and that on the contrary, the driver was an old man who, alone, occupied the wagon. The court ordered that Sirinsky be recalled; he then admitted that he was not driving; he stated that his father was driving but that he also was in the wagon. The father was not in court and had not been subpoenaed. Curiously, Sirinsky was not re-examined to ascertain whether any part of his testimony given when he was first called could be true, although plaintiff's case depended on his evidence. In its most essential features, the witness himself said, it was false; in fact, if not by intention, Sirinsky was impersonating another; in his evidence the admittedly false and the true—if any part is true,—are so inextricably united that no trier of fact can or should be permitted to guess at the facts. We have been unable to separate what is predicated on his false statements concerning his driving from the rest of his evidence.

In such circumstances, it was abuse of discretion to refuse defendant's motion for a new trial; the assignment of error raising the point is sustained.

Judgment reversed and new trial awarded.