## Kvaternik, Appellant, *v.* Yochim.

Argued October 1, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*A. G. Helbling,* for appellant.

*John N. Sawyer,* with him *Forest G. Moorhead, John G. Marshall, George Y. Meyer* and *Moorhead, Marshall & Sawyer,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 8, 1948:

In this trespass action to recover for the death of plaintiff's husband the jury rendered a verdict for defendant. Plaintiff filed a motion for a new trial on the ground of after-discovered evidence to the effect that one of defendant's witnesses had committed perjury at the

trial. The court overruled the motion and plaintiff appeals.

Decedent, Matthew Kvaternik, was a passenger on a bus traveling on First Avenue in the Borough of Conway, Beaver County. The bus came to a stop at 14th Street, at which point he alighted and started to cross First Avenue, but before he reached the far curb he was struck by an automobile driven by defendant on that highway. The case turned on the question as to whether decedent started across in *front* of the standing bus, in which event defendant, in his approaching car, would have had him in full view, or whether he walked to the *rear* of the bus and stepped out from behind it, thereby coming unexpectedly into the pathway of defendant's automobile and so close to it that defendant could not have been expected to stop his car in time to avoid the accident. The former version was testified to on behalf of plaintiff by one witness, a boy; the other version was supported by defendant himself, by the bus driver, by one Vera Denny, and by a fourth witness who testified that immediately after the accident he found decedent lying directly in back of defendant's car and at a point from 20 to 22 feet below the near curb of the 14th Street intersection.

The motion for a new trial was concerned with the witness Vera Denny. She testified that she had been on the bus and had alighted immediately behind Kvaternik; she saw him stand there for a few minutes, walk out in front of the bus, remain there for another few minutes, turn around, walk back of the bus, and then run out from that point across the street, where he was quickly struck by defendant's car. Two months after the trial plaintiff filed an affidavit by one Richard Dennis to the effect that he had been with Vera Denny at the time of the accident, that it was not true that she had alighted from the bus, that, on the contrary, they were both waiting there to enter the bus when it should come to a stop at 14th Street, that they did

enter, that Vera Denny was seated therein when the accident happened, and that therefore she could not have witnessed it. In reply to this, defendant, alleging that Dennis had been a rejected suitor of Vera Denny, filed an affidavit of the latter re-affirming the testimony she had given at the trial. Depositions of Vera Denny and Richard Dennis were then taken, each supporting their respective affidavits.

There are authorities holding that if a party or an essential witness *admits* that he committed perjury at the trial, or it so appears *by incontrovertible evidence,* a new trial should be granted: *Candelore v. Clauser,* 291 Pa. 582, 140 A. 525; *McCabe v. Pennsylvania Railroad Company,* 311 Pa. 229, 166 A. 843; *Blake v. Marinelli,* 357 Pa. 314, 53 A. 2d 550; *Lipkin v. American Ice Co.,* 90 Pa. Superior Ct. 303; *Crouse v. Volas,* 117 Pa. Superior Ct. 532, 178 A. 414; it was so held also in a case where a witness, whose testimony was *vital* to the plaintiff's case, by *his own* subsequent depositions contradicted his prior testimony in important respects: *Athas v. Fort Pitt Brewing Co.,* 324 Pa. 313, 188 A. 113. But where the witness accused of perjury *denies* his guilt, so that it is doubtful whether he did give false testimony, the request for a new trial is properly refused: *Rice v. Bauer,* 359 Pa. 544, 59 A. 2d 885; *Baughn v. Benson and Fine,* 77 Pa. Superior Ct. 181; see also *McEvoy v. Quaker City Cab Co.,* 267 Pa. 527, 540, 541, 110 A. 366, 370. And such refusal is especially justified if the testimony of the witness was merely corroborative of that given by others, so that it is impossible to tell what effect, if any, the perjured testimony may have had in inducing the verdict: *Rice v. Bauer,* supra; *Friedland v. Altoona & Logan Valley Electric Railway Co.,* 65 Pa. Superior Ct. 433.

In the present case the court below stated that it would have granted a new trial if there had been clear and positive proof that Vera Denny had committed perjury; it was just as likely, however, that she was telling

the truth as that Richard Dennis was. So far from admitting perjury she strenuously denied it. Moreover, her testimony was substantially similar to that of all the other witnesses for defendant, so that the jury would have been justified in rendering the verdict they did had she not appeared as a witness at all. It certainly would be unreasonable and unjust for a court to deprive a litigant of a verdict in his favor merely because some person, not himself a witness at the trial, chooses at some later time to make a challenged and unsupported charge that one of the witnesses for the successful party had committed perjury. It was within the discretion of the trial court as to whether, under such circumstances, a new trial should have been granted, and, so far from its decision indicating an abuse of that discretion, it would more clearly have laid itself open to such a charge had its ruling been to the contrary.

Judgment affirmed.