Manstein *v.* Manstein, Appellant.

Argued November 15, 1951. Before DREW, C. J.
STERN, STEARNE, BELL, LADNER and CHIDSEY, JJ.

H. *Eugene Heine,* with him *Maximillian J. Klinger,* for appellant.

*Daniel Marcu,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, January 7, 1952:

Anna Manstein filed a bill in equity against Samuel A. Manstein, her husband, appellant, to restrain him from withdrawing monies from a bank account and from transferring or converting into cash certain United States government bonds, to secure an accounting of certain monies and recovery of such monies to which she would be found entitled, and to restrain him from disposing of certain wearing apparel.

The bill averred ownership by plaintiff of all of the property mentioned and unlawful refusal by defendant to return the same to her. An answer was filed denying that the property was that of plaintiff and asserting, to the contrary, that the monies were an absolute gift to him by the plaintiff's parents in the nature of a dowry. After hearing, the chancellor entered an adjudication directing an accounting of all monies and bonds possessed by defendant and that he turn over to the plaintiff the sum of $5,900 with interest from April, 1945.

Defendant filed exceptions to said decree and a petition for further hearing. A rule issued on plaintiff to show cause why further hearing should not be had. An

answer to the petition for further hearing was filed and depositions taken. Thereafter the petition for further hearing and exceptions to the decree *nisi* were dismissed, and the decree *nisi* entered as a final decree. This appeal followed.

The facts as found by the hearing judge and approved by the court *en banc* were as follows. Anna Manstein, plaintiff, and Samuel A. Manstein, defendant, were married on June 17, 1945. At the time of the marriage plaintiff was 19 years of age. Her parents, in contemplation of her marriage to defendant, gave to her, on or about April, 1945, the sum of $5,000. Thereafter, plaintiff and defendant together attempted to deposit said sum in a joint savings account at the Philadelphia Savings Fund Society but were informed that because of plaintiff's age such a joint bank account could not be opened at that bank. Thereupon plaintiff took the $5,000 to the home of her parents where she retained it. Subsequent thereto, but prior to the marriage, defendant induced her to go with him to the Pennsylvania Company and place the $5,000 in an account in his name upon the promise that when she reached her majority he would transfer the account into joint names. This deposit was made. In addition to the $5,000, plaintiff, prior to the marriage, also gave defendant $900 to be deposited in the same bank account in defendant's name under the same promise that the account would be made a joint account upon her reaching her majority. Plaintiff, upon attaining the age of 21, requested defendant that the money be redeposited in their joint names. This he has refused and continues to refuse to do.

Plaintiff and defendant, at the time of their marriage, received as wedding presents six United States government bonds aggregating $250. These were in the name of Anna Manstein and Samuel A. Manstein. Defendant had physical possession of these bonds.

Defendant, on November 17, 1948, placed a lock on the door of the bedroom of their home at 1815 North Franklin Street, Philadelphia, and ordered plaintiff from the home, denying to her the opportunity to remove any of her personal wearing apparel. Subsequent thereto defendant instituted an action in divorce charging plaintiff herein with indignities to the person and cruel and barbarous treatment. The hearing judge found further as a fact that the mother of the plaintiff never gave to defendant the sum of $5,000 or any other amount.

The hearing judge concluded on the basis of the foregoing facts that the sum of $5,900 now held by defendant is the sole and separate property of plaintiff, that the United States government bonds are jointly owned and that articles of wearing apparel belonging to plaintiff and possessed by defendant are the sole and separate property of plaintiff. The decree *nisi* entered granted the prayer of the bill. No question is raised here with respect to the bonds and wearing apparel.

The petition for further hearing filed by present counsel for defendant alleged that Maximillian J. Klinger, attorney for the defendant at the hearing, had withdrawn as counsel; that further new and after-discovered evidence, of vital importance and having great bearing upon the issues, should be adduced; that Klinger believed that plaintiff would not deny certain facts at the hearing and she was not, therefore, prepared to contradict such evidence; that no evidence was offered at the original hearing regarding universal and common customs among the members of the Orthodox Jewish faith regarding giving of dowry by parents of the prospective bride to the prospective husband and that plaintiff admitted to a representative of the Domestic Relations Division of the Municipal Court that her mother had given defendant $5,000 by way of such

256

dowry. Attached to the petition were affidavits of Klinger and Rabbi Morris Warhoftig.

Defendant-appellant contends that (1) the chancellor erred in handing down findings of fact and conclusions of law before the notes of testimony of the hearing were filed; (2) the court abused its discretion in failing to grant a rehearing; (3) the fund in issue is either his sole property or the joint property of the parties; and, (4) the court erred in allowing interest on the fund from April, 1945. Appellee contends that there is ample evidence to sustain the findings of fact and conclusions of law, and that the petition for further hearing was properly denied.

The order appealed from must be affirmed.

Our independent examination of the record compels the conclusion that there is ample evidence to sustain the findings of the chancellor which were affirmed by the court *en banc*. They will not, therefore, be disturbed. The conclusions of law (except as to the award of interest) based upon the facts are also proper.

Appellant's endeavor to impute to the chancellor some indiscretion regarding issuance of his findings of fact, conclusions of law and decree *nisi* is unfortunate. There is no occasion to express our views in this regard other than to point out that appellant has not shown how he has been actually prejudiced. Further, the record does not reveal where or in what manner appellant raised this question in the court below. It is improper in these circumstances to suggest and argue this issue before this Court.

Recognizing that a petition for rehearing may properly be denied where the further evidence sought to be adduced is intended to impeach credibility of a witness (*Kvaternik v. Yochim*, 360 Pa. 387, 61 A. 2d 815; *Rice v. Bauer*, 359 Pa. 544, 59 A. 2d 885; *Guzzi v. Czaja*, 163 Pa. Superior Ct. 597, 63 A. 2d 426) or where the evidence is merely cumulative (*Heller v. Capital Bank*

*and Trust Company, Trustee,* 330 Pa. 174, 198 A. 298) appellant contends that ". . . this additional evidence by Mr. Klinger would have or, at least very well might have, altered the final conclusions of the Learned Chancellor."

No useful purpose would be served by reciting the substance of the depositions taken on the rule. The contents thereof have been reviewed and there is no compelling reason requiring this Court to disagree with the holding of the court below denying the petition for further hearing. The court below properly stated: "The defendant seeks a matter of grace, not a matter of right. The exercise of such discretion must be used cautiously and sparingly. The new evidence must be such as would cause the court to reverse the judgment entered and moreover must have been unavailable at the time of trial."

Difficulty is immediately encountered when endeavor is made to conceive of Klinger's and Warhoftig's testimony as being "new and after-discovered evidence." Certainly, the proffered evidence was not unavailable at the time of the hearing. It is equally difficult, to say the least, to understand how Klinger could have assumed that the alleged gift to defendant would not be an issue and that evidence in support of defendant's theory of dowry or "nadin" would not be required to be presented by a proper witness or witnesses.

Determination of the issues involved necessarily required the chancellor to make findings of fact, based on the testimony adduced. He was required to do so in accordance with the weight of the evidence. Credibility is the touchstone of weight of the evidence and, peculiarly, a matter for the chancellor who heard and saw the parties. The evidence has been carefully reviewed and it cannot be said that his determination of facts, based principally upon the testimony of the plaintiff, is

not supported by the evidence. It might well be said that some of the testimony adduced on behalf of defendant does not inspire credence.

Appellant's suggestion that there was no basis in law for the declaration of a trust cannot be sustained. The $5,900 was the property of the wife-plaintiff. It was placed in the hands of the husband-defendant, for a stated purpose and upon an express promise. There is no occasion to determine what would have been the relation of the parties or their individual rights in and to all or a portion of the monies if that purpose had been carried out and the promise performed. It is sufficient that defendant did not comply with the promise pursuant to which he received the money. He is in no position to assert the existence of rights which might have resulted had he not acted in violation and breach of his promise. Cf. *Commonwealth v. Beavin*, 168 Pa. Superior Ct. 73, 76 A. 2d 653. The transfer of money from the wife to the husband standing alone would have been attended with the legal presumption of a trust in her favor. This presumption arises by operation of law. Cf. *Werle v. Werle*, 332 Pa. 49, 1 A. 2d 244; *Loeffler's Estate*, 277 Pa. 317, 121 A. 186. It is unnecessary to indulge in the use of presumption here where there is a finding of fact regarding a promise to hold for a given purpose and a complete breach of that promise. Whatever interests appellant-defendant might have had under other circumstances are completely destroyed by his own wilful breach of that promise.

With regard to the imposition of interest from April, 1945, the date when appellant received the fund in question, we are of the opinion that interest should be awarded only from the date of appellant's refusal upon request to apply the fund in accordance with his promise, testified by appellee to have been several months after she attained her majority on April 21,

1947. Interest on the $5,900 should be allowed from July 21, 1947.

As modified in this opinion with respect to the allowance of interest on the sum of $5,900, the order of the court below is affirmed, costs to be paid by appellant.