## Kuzma *v.* Kuzma, Appellant.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Edward A. Witt,* with him *Charles J. Spinelli,* and *Spinelli & McLean,* for appellant.

*Daniel M. Berger,* with him *Morris M. Berger,* and *Berger & Berger,* for appellee.

OPINION BY WRIGHT, J., December 17, 1959:

On March 31, 1954, Andrew Koches instituted an action in assumpsit against John R. Kuzma to recover a loan of $2,000.00 allegedly made on February 8, 1949. Koches died on September 30, 1954, and his daughter, Anna Kuzma, administratrix, was substituted as plain-

tiff. The trial resulted in a verdict for the defendant. The court en banc thereafter granted plaintiff's motion for a new trial. The defendant has appealed.

The record discloses that appellant and Koches, as tenants in common, owned a hotel building in Homestead, in which Anna Kuzma operated a tavern. Appellant was a brother of Mrs. Kuzma's deceased husband, and served as bartender. Appellant arranged to purchase the undivided one-half interest of Koches in the hotel building for $12,000.00, and negotiated a mortgage loan in that amount from the Peoples First National Bank and Trust Company. The check of the mortgagee was made payable to appellant and endorsed to the order of Koches. Appellant, Anna Kuzma, and Koches, took the check to the First Federal Savings and Loan Association in Homestead, where Mr. Schram, the President of that institution, credited Koches with a deposit of $10,000.00, and gave Koches $2,000.00 in cash. At this point the dispute arises. Anna Kuzma testified that the $2,000.00 was then and there loaned by her father to appellant, whereas appellant testified that the $2,000.00 was given by Koches to Anna. Unfortunately, Mr. Schram died before the trial. There were no other witnesses.

The reasons assigned in the motion for a new trial were, inter alia, that the verdict was against the weight of the credible evidence, and that plaintiff had discovered additional evidence which she did not have at the time the case was submitted to the jury. In connection with the latter reason it appears that, after the jury retired, appellant had a conversation in the courtroom with Norman Edward Kuzma, a son of Anna Kuzma. According to Norman's affidavit, appellant admitted liability and acknowledged that he had committed perjury on the witness stand. At the argument before the court en banc, it was ordered that depositions be taken.

Norman testified that the conversation was as set forth in the footnote.[1] Appellant admitted that he had a conversation with Norman but denied that he said that he gave false testimony. He asserted to the contrary that he had told the truth on the witness stand. The opinion of the court en banc, written by the trial judge under our Rule 43, contains the following statement: "The new trial was granted because the jury's verdict was against the weight of the credible evidence and because there is reliable evidence, in the form of an affidavit of perjury, to the effect that the defendant, John R. Kuzma, committed perjury on the main question at issue".

Appellant's first contention is that the trial court abused its discretion in awarding a new trial "on the basis of after-discovered evidence of a controverted and unsupported accusation of perjury". The verdict was returned on January 20, 1958, and the motion for a new trial was timely filed on January 24, 1958. It is therefore unnecessary to discuss those cases cited by appellant which involve fraud alleged after judgment. We here note that a new trial may not be granted after the term if the fraud alleged is intrinsic,[2] as it is con-

---

[1] Question by Norman: "John, how could you have lied up there like that? You know as well as I do that you received the money that day in the Building & Loan. How can you go on the stand and tell a lie like that?" Answer by appellant: "Sure. What did you expect me to say? Sure, I took the money, but I used the money to pay off bills. If I admitted I took the money there would be no sense to me even coming in here. I could have admitted that at the start. Wouldn't you do the same thing? I wanted to win the case just like you did. And I will tell you something else. I have lots of records that they wanted at home, too, but those records are for me. I wasn't going to bring them in here".

[2] The difference between intrinsic and extrinsic fraud is stated, inter alia, in *Willetts v. Willetts*, 96 Pa. Superior Ct. 198. We recently rejected an allegation of extrinsic fraud in *Wisecup v. Wisecup*, 190 Pa. Superior Ct. 384, 154 A. 2d 332.

ceded to be in the instant case. See *Powell v. Doyle,* 77 Pa. Superior Ct. 520; *McEvoy v. Quaker City Cab Co.,* 267 Pa. 527, 110 A. 366. Appellant contends further, however, that the grant of a new trial for perjury, even if the motion is timely filed, has been confined to cases wherein the evidence of perjury was incontrovertible, citing *Candelore v. Glauser,* 291 Pa. 582, 140 A. 525; *Crouse v. Volas,* 117 Pa. Superior Ct. 532, 178 A. 414; *Athas v. Fort Pitt Brewing Co.,* 324 Pa. 313, 188 A. 113; *McCabe v. Pennsylvania Railroad Co.,* 311 Pa. 229, 166 A. 843. In each of those cases a new trial had been refused by the lower court, and the appellate court reversed. In *Kvaternik v. Yochim,* 360 Pa. 387, 61 A. 2d 815, strongly relied upon by appellant, an affidavit of a person who had not testified at the trial averred that one of defendant's witnesses had testified falsely. The witness, in turn, made an affidavit affirming the testimony she had given at the trial. The Supreme Court said: "But where the witness accused of perjury denies his guilt, so that it is doubtful whether he did give false testimony, the request for a new trial is properly refused". However, an analysis of the *Kvaternik* case discloses a complete lack of similarity with the factual and procedural situation in the case at bar. In the *Kvaternik* case the testimony was that of one of defendant's witnesses. The testimony here attacked is that of appellant himself. Moreover, appellant was the only witness as to his version of the litigation. In the *Kvaternik* case the testimony of the witness was merely corroborative of the testimony of others, thus making it questionable as to what effect, if any, it may have had in inducing the jury's verdict. Finally, the Supreme Court was affirming the action of the court below in refusing to grant a new trial. A similar analysis applies to *Rice v. Bauer,* 359 Pa. 544, 59 A. 2d 885; *Reithof v. Pittsburgh Rys. Co.,* 361 Pa.

489, 65 A. 2d 346; *Higbee v. Koziol,* 383 Pa. 116, 117 A. 2d 707, also relied upon by appellant.

In the case at bar, appellant's perjury, if committed, constituted a fraud on the court. Since the application for a new trial was made promptly, the court below did not abuse its discretion in awarding appellee a new trial. The applicable legal principles are well settled. Judge ERVIN has collated a number of the cases in *Mains v. Moore,* 189 Pa. Superior Ct. 430, 150 A. 2d 549. The trial court has an immemorial right to grant a new trial in the interest of justice: *Fisher v. Brick,* 358 Pa. 260, 56 A. 2d 213; *Seidel v. Yeadon Borough,* 191 Pa. Superior Ct. 45, 155 A. 2d 370. The presumption is that the trial court was justified in granting a new trial: *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857. Consequently, our review on appeal is limited in scope, and we may not reverse in the absence of a palpable abuse of discretion: *Tate v. Metropolitan Life Ins. Co.,* 149 Pa. Superior Ct. 558, 27 A. 2d 283; *Mohr v. Plotkin,* 186 Pa. Superior Ct. 615, 142 A. 2d 414; *Helmig v. Rockwell Mfg. Co.,* 389 Pa. 21, 131 A. 2d 622; *Lupi v. Keenan,* 396 Pa. 6, 151 A. 2d 447.

In view of our conclusion that there was no abuse of discretion in the grant of a new trial due to appellant's alleged perjury, it becomes unnecessary to discuss appellant's remaining contention that there was an abuse of discretion as to the second reason advanced by the court below. It should perhaps be noted, however, that one of the least assailable grounds for the exercise of the power to grant a new trial is the trial court's conclusion that the verdict was against the weight of the evidence. See *Frank v. Losier & Co.,* 361 Pa. 272, 64 A. 2d 829; *Devlin v. Piechoski,* 374 Pa. 639, 99 A. 2d 346.

Order affirmed.